No. 27,570.

Maurice Rapoport & Company, *Appellee*, v. C. E. Leppellman, J. H. Edwards, and The Commercial National Bank of Independence, *Appellants.*

(259 Pac. 690.)

SYLLABUS BY THE COURT.

1. Corporations — *Insolvency — Distribution Without Dissolution — Directors.* The proceedings considered in an action by a creditor of a mercantile corporation to recover the amount of its account against the managing directors of the corporation, and *held,* the directors were not statutory trustees of a dissolved corporation, for the benefit of creditors and stockholders.

2. Same—*Distribution Without Dissolution—Personal Liability of Managing Directors.* There was no evidence of mismanagement of the corporate affairs or misappropriation of its assets by the managing directors, and they were not personally liable to the creditor for the amount of the creditor's claim against the corporation.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed October 8, 1927. Reversed.

*C. J. Bryant* and *Theo. F. Varner,* both of Independence, for the appellants.
*P. L. Courtright,* of Independence, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a creditor of a corporation to recover from its managing officers the amount of a mercantile account due from the corporation. Plaintiff recovered against Leppellman and Edwards, and they appeal.

The Edwards-Leppellman Mercantile Company was a corporation doing a merchandising business in the city of Independence. C. E. Leppellman and J. H. Edwards were its managing directors. In the early part of the year 1924, the plaintiff, a New York corporation, sold goods on account to the mercantile company in the sum of $420.76. In May, 1924, the mercantile company sold its stock of

Corporations, 14a C. J. pp. 170 n. 97, 1118 n. 73, 1119 n. 83; 7 R. C. L. 502.

goods and store fixtures for $8,000, ceased doing business, and proceeded to wind up its affairs. The proceeds of the sale were deposited in the Commercial National Bank of Independence, which applied $3,911.15 to payment of the mercantile company's overdue promissory note. After payment of taxes and some items of expense, the remainder was distributed *pro rata* among some forty creditors, each one of whom received approximately fifty per cent of his account. The method of distribution was this: The bank issued a certificate of deposit to each creditor, the mercantile company gave a check to cover the total sum, and defendants forwarded to each creditor his certificate. The certificate issued to plaintiff was for $197.51. Plaintiff refused to accept the certificate, returned it, and threatened litigation. The certificate was afterwards turned into cash, and the money was used in closing up the company's affairs. After the certificates of deposit were issued, a small sum remained in the bank. Some collections were made on accounts due the mercantile company, and the proceeds were deposited in the bank. Checks were drawn on the bank, and at the time of trial the mercantile company had a bank balance of $7.20. The mercantile company then had outstanding accounts receivable amounting to approximately four hundred dollars, and these accounts and its bank balance constituted its total assets. In making distribution to creditors, one creditor was omitted. This creditor afterwards sued on his account. What became of the suit is not disclosed.

Plaintiff sued C. E. Leppellman, J. H. Edwards and the bank, asserting they had appropriated the mercantile company's assets to themselves, or to themselves and others, as they saw fit. The prayer was for an accounting and proper distribution of corporate assets, for an injunction against further disposition of corporate assets, and for personal judgment against all defendants for the amount of plaintiff's claim. The answers made full disclosure of the conduct of Leppellman, Edwards, and the bank, in winding up the mercantile company's affairs. The court relieved the bank of liability, but rendered personal judgment against Leppellman and Edwards for an amount equal to the amount of the certificate of deposit which was sent to plaintiff and which plaintiff refused to accept.

The action was commenced in November, 1924. There was no allegation in the petition that the mercantile company as a corporation was dissolved for any reason or at any time. There was no

Maurice Rapoport & Co. v. Leppellman.

evidence that the corporation was dissolved for any reason or at any time. There was no evidence that the corporation had given ground for dissolution by abuse of its corporate privileges. While it sufficiently appeared the corporation was insolvent, insolvency alone does not dissolve a corporation. Insolvency is a ground for dissolution by judgment of a court in an action brought for the purpose, but the corporation was not a party to the action, its dissolution was not prayed for, and the court did not dissolve it. The result is, in what they did Leppellman and Edwards were not statutory trustees for benefit of creditors and stockholders (R. S. 17-808). They were simply managing directors of a live corporation, and could not be called to account or held personally liable except for conduct in that capacity.

There was no evidence of mismanagement of the corporation's affairs, or of misappropriation of any of its assets. The only challenged item was one of attorney fees, and objection to that item is groundless. The corporation could prefer creditors, and could pay the bank in full, if it so desired. It undertook to distribute the remainder of its funds available to pay creditors equally among its creditors. Plaintiff preferred litigation to its distributive share. It now holds an unsecured, overdue and unpaid account against the corporation. The action was not predicated on violation of the bulk-sales law, and that subject was not referred to in the proceedings in the district court.

The judgment of the district court is reversed, and the cause is remanded with direction to render judgment in favor of Leppellman and Edwards.